UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-113-MOC-WCM

| | |
|---|---|
| JEFFREY FIELDS, | ) |
| Plaintiff, | ) ) ) |
| v. | )    **ORDER** |
| | ) |
| ANDREW SAUL,<br>**Acting Commissioner of Social Security** | ) ) ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter (#16). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, in accordance with 28, United States Code, Section 636(b)(1)(c). The Government filed its objection within the time allowed. (#17).

**I.    Background**

On August 31, 2015, Plaintiff filed an application for disability insurance benefits. Following denial of Plaintiff's claims on initial review and reconsideration, a hearing was held on May 7, 2018, in Charlotte, North Carolina, where Plaintiff appeared and testified. Plaintiff was represented by counsel at the hearing. On August 17, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review of that decision.

On August 29, 2019, Plaintiff filed the instant action, seeking review of the ALJ's decision. After the parties filed motions for summary judgment, the Honorable W. Carleton Metcalf, United States Magistrate Judge, issued an M&R. In the M&R, Judge Metcalf analyzed the available record, including the disability decision from the State of North Carolina and the

-1-

decision of the ALJ.  Ultimately, Judge Metcalf recommended that the Court grant Plaintiff's summary judgment motion and remand to the ALJ for further findings.  The Government has filed an objection to the magistrate judge's M&R.  (#17).

**II.     Standard of Review**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).  However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations."  Id.  Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection.  Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200.  Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law.  Further, the factual background and recitation of issues is supported by the applicable pleadings.  Based on such determinations, the court will fully affirm the M&R and grant relief in accordance therewith.

**III.    Discussion**

In its objection, the Government argues that the magistrate judge erred in finding that

remand is warranted on the ground that the ALJ failed to analyze how Plaintiff's post-DLI treatment records related to Plaintiff's PAD. For the following reasons, the Court disagrees and affirms the M&R.

In the M&R, the magistrate judge found as follows:

> The medical evidence (specifically records reflecting Plaintiff's pain and numbness) prior to Plaintiff's date last insured provide evidence to link Plaintiff's post-DLI diagnosis of PAD to his pre-DLI symptoms. Therefore, the ALJ's failure to analyze how Plaintiff's post-DLI treatment records related to Plaintiff's PAD was erroneous.
> The Commissioner argues that "Plaintiff's PAD diagnosis…was made following podiatric surgery on April 28, 2016, well after DLI. Therefore, it was not a medically determinable impairment before DLI." Doc. 15, p. 9 (emphasis in original). This position, however, demands more substantial medical evidence pre-DLI than is required under current caselaw. For example, in Bird, the Fourth Circuit held that the ALJ erred by failing to consider medical evidence created 14-months after the claimant's DLI that diagnosed the claimant with Post Traumatic Stress Disorder. See also Edwards v. Colvin, No. 5:13-cv-8-RLV, 2015 WL 114296, at * 5 (W.D.N.C. Jan. 8, 2015) (rejecting Commissioner's argument that objective evidence was necessary to establish the existence of a medically determinable impairment prior to plaintiff's "because it would eviscerate the holding in Bird" and explaining that Bird "himself had no objective evidence of PTSD created prior to his DLI. In fact, this was the primary reason the ALJ found Bird's PTSD to be not severe."). Accordingly, the undersigned will recommend that the matter be remanded on this basis.

(Doc. No. 16 at 8–11) (some citations omitted). In its objection, the Government argues that because Plaintiff did not know what was causing his already existent leg pain and numbness before date last insured ("DLI"), and because he was not diagnosed with peripheral arterial disease ("PAD") until after the DLI, the ALJ was allowed to disregard this condition when evaluating Plaintiff's pre-DLI limitations. As the magistrate judge correctly observed, however, "where a medical test is conducted after a claimant's date last insured, the administrative law judge should give retrospective consideration to the test results if the test relates to pain and symptoms arising before the date last insured." (Doc. No. 16, pp. 9-10 (citing Booker v. Berryhill, No. 3:16-cv-299-RLV, 2017 WL

2676497 at *6 (W.D.N.C. June 21, 2017)).

The Government goes on to argue that Plaintiff's complaints of leg pain pre-DLI can be linked to his hip and back degenerative joint disease ("DJD"), as opposed to his PAD, and it was, therefore, not error for the ALJ to fail to evaluate Plaintiff's PAD further.  However, as Plaintiff notes, the ALJ attributed Plaintiff's leg pain to his hip DJD without considering his PAD as the cause, as the ALJ largely premised her denial of Plaintiff's benefits on his hip and back joint findings being relatively mild.  Plaintiff, however, complained of classic PAD symptoms of leg pain and numbness for years before the expiration of his DLI.  In contrast to his mild DJD, his PAD resulted in severe obstructions and insufficiencies in his legs, which in turn resulted in amputations, several arterial surgeries, and "severe" bilateral lower extremity claudication "at short distance," evidencing an objective cause for his significant functional limitations of the legs.  As Plaintiff notes, this was even characterized as "…peripheral vascular disease with lifestyle limiting claudication."  Moreover, as the magistrate judge correctly observed, "'retrospective consideration of evidence is appropriate when the record is not so persuasive as to rule out any linkage of the final condition of the claimant with his earlier symptoms.' Bird, 699 F.3d at 341 (internal citations omitted)."  (Doc. No. 16, p. 6).  In sum, the Court overrules the Government's objection, and the Court will affirm the magistrate judge's M&R.

### III. Conclusion

After careful review, the Court determines that the recommendation of the magistrate judge is consistent with and supported by current Fourth Circuit and Supreme Court case law.  Further, the factual background and recitation of issues is supported by the applicable pleadings.

Based on such determinations, the Court will affirm the M&R and grant relief in accordance with therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Government's Objection (#17) is **OVERRULED**, the Memorandum and Recommendation (#16) is **AFFIRMED,** Plaintiff's Motion for Summary Judgment (#12) is **GRANTED**, the Government's Motion for Summary Judgment (#14) is **DENIED**, and this matter is remanded in accordance with the M&R of the magistrate judge.

The Clerk of Court is instructed to enter a Judgment consistent with this opinion.

Signed: June 24, 2020

Max O. Cogburn Jr.
United States District Judge